**Kumar SANT, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–73433.

United States Court of Appeals, Ninth Circuit.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent.

Submitted July 12, 2004.**

Decided July 15, 2004.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Kumar Sant, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review an adverse credibility finding for substantial evidence, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ had a "legitimate articulable basis to question the petitioner's credibility," and offered "specific, cogent reason[s] for any stated disbelief." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002) (quotation omitted). For example, the IJ expressed doubt regarding Sant's credibility after receiving results of an investigation regarding the authenticity of one of Sant's supporting documents and revealing a significant contradiction with Sant's testimony that went to the heart of his asylum claim. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (upholding adverse credibility determination where date of alleged rape differed from date of doctor's letter submitted in support of claim).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Robert D. McCallum, Jr., Carl H. McIntyre, Jr., Stephen J. Flynn, Julia K. Doig, Esq., U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The record does not compel the conclusion that Sant's testimony was credible. Necessarily, Sant cannot show that he was eligible for withholding of deportation because the standard of proof required to establish eligibility for withholding of deportation is higher than for establishing eligibility for asylum. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

To the extent that Sant contends he is entitled to relief under the Convention Against Torture, we lack jurisdiction to address it because Singh failed to exhaust this issue. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 900–01 (9th Cir.2004) (order), Sant's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**