**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KUMAR SANT,<br><br>       Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>       Respondent. | Nos. 07-70766<br>      07-72497<br><br>Agency No. A072-117-464<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

In these consolidated petitions for review, Kumar Sant, a native and citizen

of India, petitions for review of the Board of Immigration Appeals' ("BIA") orders

denying his motions to reconsider. Our jurisdiction is governed by 8 U.S.C. 1252.

We review for abuse of discretion the denial of a motion to reconsider, *Cano-*

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we review de novo claims of due process violations in immigration proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2002). We deny in part and dismiss in part petition No. 07-70766 and we deny petition No. 07-72497.

The BIA did not abuse its discretion in denying Sant's motions to reconsider because they were filed more than two years after the BIA's October 1, 2002, order summarily affirming the immigration judge's ("IJ") decision, *see* 8 C.F.R. § 1003.2(b)(2) (motion to reconsider a decision must be filed with the BIA within 30 days after the mailing of the decision), and Sant failed to establish grounds for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

We decline to reconsider Sant's challenge to the IJ's underlying adverse credibility determination because this court already decided the issue in *Sant v. Ashcroft*, No. 02-73433 (9th Cir. July 15, 2004). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the "law of the case doctrine,"

one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

Finally, Sant's due process claims fail because proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar*, 210 F.3d at 971.

**No. 07-70766:**  **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 07-72497:**  **PETITION FOR REVIEW DENIED.**